# Exhibit A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF THE BRONX**
-----------------------------------------
ROSA ASENCIO,

                     Plaintiff,

-against-

MICHAELS STORES, INC.,

                     Defendant,
-----------------------------------------

Index No.:
DATE OF PURCHASE:
Plaintiff(s) designates
THE BRONX County as the place of trial.

The basis of venue is Plaintiff's residence

**SUMMONS**

Plaintiff(s) reside at
2215 Cruger Avenue
Bronx, New York 10467
County of New York

To the above named Defendant(s)

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

DATED: May 24, 2021

Defendant's Address:

c/o Secretary of State

                        **MARK EDWARD GOLDBERG**
                        Attorney for Plaintiff(s)
                        Office and P.O. Address
                        130 North Main Street
                        Port Chester, N.Y. 10573
                        (914) 690-0800
                        File No.: 3524

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
-------------------------------------------
ROSA ASENCIO,                              INDEX NO.:
                    Plaintiff,
                                           **VERIFIED COMPLAINT**
     -against-

MICHAELS STORES, INC.,
                    Defendant,
-------------------------------------------

    Plaintiff, by her attorney, MARK EDWARD GOLDBERG, as and for her Verified Complaint, respectfully sets forth and alleges upon information and belief the following:

    1. At all times hereinafter mentioned, Plaintiff was and is a resident of the County of The Bronx and State of New York.

    2. At all times hereinafter mentioned, Defendant, MICHAELS STORES, INC. (hereinafter referred to as "MICHAELS") was and is a domestic corporation organized under and existing by virtue of the laws of the State of New York.

    3. At all times hereinafter mentioned, Defendant, MICHAELS was and is a foreign corporation duly authorized to conduct business in the State of New York.

    4. At all times hereinafter mentioned, Defendant, MICHAELS owned a store located at 840 Pelham Parkway, Pelham Manor, New York.

    5. At all times hereinafter mentioned, Defendant, MICHAELS operated a store at 840 Pelham Parkway, Pelham Manor, New York.

    6. At all times hereinafter mentioned, Defendant, MICHAELS maintained a store at 840 Pelham Parkway, Pelham Manor, New York.

    7. At all times hereinafter mentioned, Defendant, MICHAELS controlled a store at 840 Pelham Parkway, Pelham Manor, New York.

8. On or about August 8, 2020 a partition which was either plexi-glass, plastic or some other similar material was placed at the cash register of said store in such a manner so as to separate the customers who were paying for their purchases from the cashiers on the other side of the partition.

9. While Plaintiff was paying for her purchase the aforedesribed partition was caused to fall over and strike Plaintiff thereby causing Plaintiff to sustain the personal injuries hereinafter alleged.

10. The aforesaid partition and the manner in which said partition was secured and/or unsecured was caused, suffered and maintained by Defendant, MICHAELS as a result of this Defendant's recklessness, carelessness and negligence.

11. Prior to the occurrence complained of herein, Defendant, MICHAELS, it's agents, servants and/or employees had notice of the aforedescribed condition and/or actually created said conditions.

12. The aforesaid occurrence was due solely to the negligence of the Defendant, its agents, servants and/or employees, with no negligence on the part of Plaintiff contributing thereto.

13. That the Defendant, its agents, servants, and/or employees, were negligent in, among things, the following: the ownership of the aforesaid premises; the operation of the aforesaid premises; the maintenance of the aforesaid premises; the control of the aforesaid premises; in permitting and/or causing a partition made of plexi-glass, plastic or other similar material which separated the customers from the cashier to exist at the check out counter of the store in such a manner that it was not adequately supported and stable and so it could and

2

would fall over and strike Plaintiff even though Defendant, its agents, servants and/or employees had actual notice of said condition and/or should have had notice of said condition in the exercise of reasonable care and caution under the circumstances; in permitting the partition to be placed in an area where shoppers would be present and in failing to take the necessary and adequate precautions to prevent such partition from being able to fall over and strike Plaintiff; in placing a partition in said area in such a manner that it would be unstable and would fall over; in failing to properly and/or adequately secure the partition in such a manner that it would not fall over and hit Plaintiff; in causing said conditions even though Defendant knew or should have known that patrons of the store would be in the area adjacent to the partition and that the partition could and would fall over and possibly strike a patron in the store; in failing to inspect and/or improperly and/or inadequately inspecting said partition; in permitting said conditions to exist even though Defendant, its agents, servants and/or employees had actual notice of said conditions and/or should have had notice of said conditions in the exercise of reasonable care and caution under the circumstances; in actually causing the aforedesdcribed conditions to exist; in failing to take such action as was necessary so as to prevent the aforesaid conditions from existing; in failing to alleviate the aforesaid conditions; in failing to take the proper and necessary actions to avoid the aforesaid conditions in said store; in failing to cure or remedy the aforesaid conditions; in improperly and/or inadequately curing or remedying the aforesaid conditions; in causing and/or creating the aforesaid aforesaid

3

conditions; in failing to properly and/or adequately warn Plaintiff of the conditions; in permitting the aforesaid partition to be and remain in said store so that it was dangerous, hazardous, defective and/or unsafe even though Defendant actually knew of said condition, or should have had notice of said condition, in the exercise of reasonable care and caution; in failing to cure or remedy said dangerous, hazardous, defective and/or unsafe conditions; in inadequately and/or improperly curing or remedying said dangerous, hazardous, defective and/or unsafe conditions; in failing to cure said dangerous, hazardous, defective and/or unsafe conditions even though Defendant, its agents, servants and/or employees had actual notice of said conditions and/or should have had notice of said conditions in the exercise of reasonable care and caution; in permitting the occurrences alleged herein to happen even though the Defendant had the responsibility, means, and opportunity to prevent the same; in permitting said dangerous, hazardous, defective and/or unsafe conditions to exist even though Defendant knew, or should have known, in the exercise of reasonable care and caution, that the occurrences and injuries alleged herein would be likely to occur; in placing Plaintiff in such a dangerous, hazardous, defective and/or unsafe condition; in placing Plaintiff in imminent danger; in failing to warn Plaintiff of the aforedescribed conditions; in failing to warn Plaintiff of said dangerous, hazardous, defective and/or unsafe conditions; in improperly and/or inadequately warning Plaintiff of the aforedescribed conditions; in improperly and/or inadequately warning Plaintiff of said dangerous, hazardous, defective and/or unsafe conditions; in failing to use that degree of care and caution under the

4

circumstances then and there existing that reasonably prudent corporations, institutions and/or people in Defendant's position should have; in failing to properly and/or adequately train and/or supervise their agents, servants, contractors and/or employees of Defendant who created and/or maintained said conditions; in improperly and/or inadequately training their agents, servants, contractors and/or employees who created and/or maintained said conditions; and Defendants were otherwise reckless, careless and negligent.

14. That by reason of the negligence of the Defendant as hereinbefore alleged, Plaintiff was rendered sick, sore, lame and disabled; suffered and still suffers great physical injuries which, upon information and belief, are lasting and permanent in nature; incurred many and diverse expenses for hospital and medical care and treatment in an effort to cure or alleviate her condition; was prevented from engaging in her usual and customary duties and activities; and was otherwise damaged.

15. Plaintiff, ROSA ASENCIO was injured.

16. Plaintiff, ROSA ASENCIO was seriously injured.

17. That by reason of the negligence of the Defendant as hereinbefore alleged, Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which otherwise would have had jurisdiction over this matter together with interest thereon and together with the costs and disbursements of this action.

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

1. In the sum which exceeds the jurisdictional limits of all lower

courts which otherwise would have had jurisdiction over this matter;

    2.   Interest, costs and disbursements of this action; and

    3.   Such other and further relief as this Court may deem just and proper under the circumstances.

DATED: PORT CHESTER, NEW YORK
       May 24, 2021

**MARK EDWARD GOLDBERG**
Attorney for Plaintiff
130 North Main Street
Port Chester, New York 10573
(914) 690-0800
File no.: 3524

## ATTORNEY VERIFICATION

STATE OF NEW YORK      )

COUNTY OF WESTCHESTER ) ss.:

    I, the undersigned attorney admitted to practice in the Courts of the State of New York, states that I am the attorney of record for ROSA ASENCIO, the Plaintiff in the within action; I have read the foregoing COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by the Plaintiff is that Plaintiff resides outside the County where deponent has his office. The grounds of my belief as to all matters not stated upon my own knowledge are as follows: correspondence, notes, documents, invoices, books, records and conversations.

    I affirm under the penalties of perjury that the foregoing statements are true.

Dated: Port Chester, New York
       May 24, 2021

_____
MARK EDWARD GOLDBERG

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX                        Index No.:
================================================================
ROSA ASENCIO,
                              Plaintiff,

        -against-

MICHAELS STORES, INC.,
                              Defendant,
================================================================
                    SUMMONS and VERIFIED COMPLAINT
================================================================
                       MARK EDWARD GOLDBERG
                       Attorney for Plaintiff
            Office and Post Office Address and Telephone
                       130 North Main Street
                     Port Chester, New York 10573
                           (914) 690-0800
                          File No.: 3524
================================================================
```
*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

                                            X_____
================================================================
                                   Service of a copy of the within
                                      is hereby admitted.

TO:                                  DATED: ....................20..
Attorney(s) for
================================================================
**PLEASE TAKE NOTICE**

--**NOTICE OF ENTRY**

that the within is a (certified) true copy of a    duly entered in the
office of the clerk of the within named court on                , 200_


--**NOTICE OF SETTLEMENT**

that an order of which the within is a true copy will be presented for
settlement to the **HON.**              one of the judges of the within
named Court, at            on             at 9:30 A.M.

        Dated:                       Yours, etc.
                                     **MARK EDWARD GOLDBERG**